BENJAMIN K. LUNCH, Bar No. 246015
TANISHA M. SHAFER (ARATA), Bar No. 280588
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA  94104
Tel: (415) 677-9440
Fax: (415) 677-9445
Email: blunch@neyhartlaw.com
           tarata@neyhartlaw.com
**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERING INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE PLASTERERS LOCAL UNION NO. 66 SUPPLEMENTAL RETIREMENT BENEFIT FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS' JOINT APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND; and BOB NOTO, as TRUSTEE of the above Trust Funds, <br><br>              Plaintiffs, <br>       v. <br><br> HARTLEY CONSTRUCTION, INC. and MARK LINDQUIST, <br><br>              Defendants. | Case No. 19-cv-05720 <br><br> **COMPLAINT** |

Plaintiffs allege:

### I.
### JURISDICTION AND PARTIES

1.      <u>Jurisdiction.</u>  This is an action to collect unpaid contributions to multi-employer benefit plans pursuant to a Collective Bargaining Agreement ("CBA").  It is also an action to enforce the terms of a multi-employer benefit Trust Agreement, specifically the terms requiring an employer

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

to make contributions to the Plaintiffs.  Jurisdiction is pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e), 29 U.S.C. § 1145 and the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185(c).

2. <u>Venue</u>.  Venue is appropriate in this District as the Plaintiff Plans are administered in this District (Alameda County), and the breach took place in this District; 29 U.S.C. § 1132(e)(2); 29 U.S.C. § 185(a).

3. <u>Parties</u>.  Plaintiffs BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERING INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE PLASTERERS LOCAL UNION NO. 66 SUPPLEMENTAL RETIREMENT BENEFIT FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS' JOINT APPRENTICESHIP AND TRAINING TRUST FUND; and BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND will be collectively referred to as "the Trust Funds."  Each of the Trust Funds is a multi-employer employee benefit plan created pursuant to the LMRA, 29 U.S.C. § 141 et seq and are jointly trusteed (management and union) employee benefit trust funds governed by ERISA, 29 U.S.C. § 1001 et seq.  Employers make contributions to the Trust Funds pursuant to the requirements of their CBA(s) between the Wall and Ceiling Alliance, and the Golden Gate Lodge of Plasterers' and Shophands' Local Union No. 66 of the Operative Plasterers' & Cement Masons' International Association of the United States and Canada, AFL-CIO ("O.P. & C.M.I.A.") and the Plasterers' & Cement Masons' Local Union No. 300 O.P. & C.M.I.A.

4. Plaintiff BOB NOTO is a trustee and fiduciary of each trust.  As such, Mr. Noto has the duty, jointly exercised with the other Trustees of those funds, to administer the Trust Funds for the exclusive benefit of the covered employees in accordance with the LMRA, ERISA, and the terms

Neyhart, Anderson, Flynn & Grosboll
Attorneys at Law

COMPLAINT                                                                                                                                       1
Case No. 19-cv-05720
\\NAFG-DC01\RedirectedFolders\tarata\My Documents\2.0 cases - TMA\71000.872 Hartley\Federal Action_Case Initiating Docs\Complaint.doc

of each of the Trust Funds' written Trust Agreements and CBA(s).  That fiduciary duty includes collection of unpaid employer contributions and related losses.

5. Upon information and belief, Defendant HARTLEY CONSTRUCTION, INC. ("HARTLEY") is a corporation doing business under California Corporate No. C3282438 and State Contractor's License No. 949860.  Upon information and belief, MARK LINDQUIST is HARTLEY's Chief Executive Officer.

6. Defendant HARTLEY is engaged in lathing and plastering work in and around Alameda County, California and as such has been an "employer" "engaged in commerce or in any industry or activity affecting commerce" within the meaning of 29 U.S.C. §§ 1002-1003.

## II.
## FACTS

7. Defendant HARTLEY is signatory to the current and any subsequent CBA between the Wall & Ceiling Alliance, which is successor to the Lathing and Plastering Contractors of San Francisco and San Mateo Counties, and the Golden Gate Lodge of Plasterers and Shophands Local Union No. 66 O.P. & C.M.I.A, and bound to the Trust Agreements establishing each of the Trust Funds.

8. Defendant HARTLEY is signatory to the current and any subsequent CBA between the Wall & Ceiling Alliance (which is successor to the South Bay Plastering Contractors Association) and the Operative Plasterers' and Cement Masons' Local Union No. 300 of the O.P. & C.M.I.A., and Defendant is bound to the Trust Agreements establishing each of the Trust Funds.

9. Defendant HARTLEY is signatory to the CBA(s) and is therefore bound by all provisions contained in the most recent version of the CBA(s).

10. An employer who agrees to be bound to the CBA(s) also agrees to be bound to the applicable Trust Agreement(s).

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

**COMPLAINT**  
Case No. 19-cv-05720  
\\NAFG-DC01\RedirectedFolders\tarata\My Documents\2.0 cases - TMA\71000.872 Hartley\Federal Action_Case Initiating Docs\Complaint.doc

2

11. The terms of the CBA(s) require Defendant HARTLEY to make timely monthly contributions to the Trust Funds for fringe benefits for covered employees.

12. Under both the CBA(s) and applicable Trust Agreement(s), an employer who fails to make timely contributions to the Trust Funds is liable to the Trust Funds for all unpaid contributions, liquidated damages on the unpaid principal, interest on the delinquent amount accrued, liquidated damages, and attorneys' fees and collection costs.  *See* 29 U.S.C. § 1132(g)(2).

13. Defendant HARTLEY failed to make required contributions to the Trust Funds during the relevant period of the statute of limitations pursuant to the appropriate CBA(s) and/or Trust Agreement(s).  *See* 29 U.S.C. § 1145.  Defendant HARTLEY owes the Trust Funds $75,417.36 in fringe benefit contributions.

14. Defendant HARTLEY also owes the Trust Funds liquidated damages for the untimely paid and unpaid contributions for the December 2017 through July 2019 work months.  Liquidated damages are 10% of the contributions due, or $200, whichever is greater.

15. In May 2019, Defendant LINDQUIST, on behalf of Defendant HARTLEY, signed an agreement stating that HARTLEY would pay a portion of the liquidated damages and interest due for the untimely paid and unpaid fringe benefit contributions assessed for the December 2017 through March 2019 work months.

16. The agreement provided Defendant HARTLEY would pay six (6) monthly installments to the Trust Funds by the last day of each month.  The first installment payment was due by May 31, 2019.

17. Defendant LINDQUIST agreed to be held personally liable for amounts Defendant HARTLEY failed to pay.  As of the date of this complaint, Defendants HARTLEY and LINDQUIST have not paid any amount of the total amount due under the Settlement Agreement.

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

### III.
### FIRST CLAIM
(ERISA - 29 U.S.C. § 1145) against Defendant HARTLEY

18. Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

19. <u>Jurisdiction</u>. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the Trust Agreement(s) and the CBA(s). Jurisdiction is pursuant to ERISA, 29 U.S.C. § 1132(e) and § 1145.

20. Defendant HARTLEY's action constitutes a failure of an employer to make timely contributions to a multi-employer plan, as well as a breach of fiduciary duty owed pursuant to 29 U.S.C. § 1145.

21. Plaintiffs are entitled to damages, liquidated damages, interest, attorneys' fees and costs pursuant to the CBA(s) and applicable Trust Agreement(s). The Court, in its discretion, may also grant Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2).

### IV.
### SECOND CLAIM
(LMRA - 29 U.S.C. § 185) against Defendant HARTLEY

22. Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

23. <u>Jurisdiction</u>. This is an action to enforce CBA(s) pursuant to 29 U.S.C. § 185.

24. Defendant HARTLEY's failure to pay contributions and liquidated damages owing breached the CBA(s) to Plaintiffs' detriment. Plaintiffs are entitled to damages, liquidated damages, interest, attorneys' fees and costs pursuant to the CBA(s) and applicable Trust Agreement(s).

25. The Trust Funds are entitled to pursue this claim as third party beneficiaries to the Trust Agreement(s). *See Schneider Moving & Storage Co. v. Robbins, et al.* (1984) 466 U.S. 364 and *Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox* (9th Cir. 2005) 396 F.3d 1056.

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

**COMPLAINT**
Case No. 19-cv-05720
\\NAFG-DC01\RedirectedFolders\tarata\My Documents\2.0 cases - TMA\71000.872 Hartley\Federal Action_Case Initiating Docs\Complaint.doc

4

## V.
## THIRD CLAIM
(State Claim - Breach of Contract) against All Defendants

26. Plaintiffs incorporate by reference and reallege the paragraphs above as if set out in full.

27. <u>Jurisdiction</u>.  The Trust Funds are entitled to pursue this claim, as it is a supplemental claim to the above two federal claims.  *See* 28 U.S.C. § 1367.

28. Plaintiffs and Defendant HARTLEY signed a Settlement Agreement backed by a Personal Guaranty signed by Defendant LINDQUIST in May 2019.

29. Under the Settlement Agreement Defendant HARTLEY agreed to pay the Trust Funds $25,136.77 for liquidated damages and interest owed for untimely paid and unpaid fringe benefit contributions.  Defendant LINDQUIST agreed to be liable for the entire amount if Defendant HARTLEY failed to pay any of the $25,136.77 due.  The first installment payment was due on May 31, 2019.  As of the date of this filing, Defendants HARTLEY and LINDQUIST have not paid any amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

1. Against Defendant HARTLEY, for unpaid fringe benefit contributions in the amount of $75,417.36 and any further amounts in an amount according to proof;

2. Against Defendant HARTLEY, for liquidated damages and any further amounts according to proof;

3. Against Defendant LINDQUIST, for liquidated damages according to proof;

4. An order requiring production of transmittals that were not submitted;

5. For prejudgment interest according to proof;

Neyhart, Anderson, Flynn & Grosboll
Attorneys at Law

**COMPLAINT**
Case No. 19-cv-05720

5

\\NAFG-DC01\RedirectedFolders\tarata\My Documents\2.0 cases - TMA\71000.872 Hartley\Federal Action_Case Initiating Docs\Complaint.doc

6. For reasonable attorneys' fees and costs of suit and any further amounts according to proof;

7. For such equitable relief as this court deems just and proper; and

8. For such other and further relief as this court deems just and proper.

Dated:  September 12, 2019                    Respectfully submitted,


/s/ Tanisha M. Shafer (Arata)
Benjamin K. Lunch
Tanisha M. Shafer (Arata)
NEYHART, ANDERSON, FLYNN & GROSBOLL
Attorneys for Plaintiffs

**COMPLAINT**
Case No. 19-cv-05720

6

\\NAFG-DC01\RedirectedFolders\tarata\My Documents\2.0 cases - TMA\71000.872 Hartley\Federal Action_Case Initiating Docs\Complaint.doc

Neyhart, Anderson, Flynn & Grosboll
Attorneys at Law